IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-CR-40062-01-MJR |
| | ) | |
| LYLE M. BULLINER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REGARDING MOTION TO REDUCE SENTENCE

**REAGAN, District Judge:**

By motion filed March 28, 2008, Defendant Bulliner seeks to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2). This Order **ADVISES DEFENDANT** how his motion will be handled in this District Court.

On December 10, 2007, the United States Supreme Court scrutinized the crack-cocaine-to-powder-cocaine sentencing disparity contained in the U.S. Sentencing Guidelines and held that federal district courts can deviate from the Guidelines in appropriate circumstances. *Kimbrough v. United States*, – U.S. –, 128 S. Ct. 558 **(2007)**. At that point, the U.S. Sentencing Commission had not determined whether November 2007 amendments to the Guidelines (*reducing* the base offense level associated with some crack cocaine offenses) would be retroactive. On December 11, 2007, the Sentencing Commission decided that the amendments in question would be retroactively applied as of March 3, 2008.

On December 19, 2007, Chief Judge Herndon of this Court issued Administrative Order 102. That Order addresses the amendments to the Sentencing Guidelines and the motions to reduce sentence being filed in the wake of these amendments.

Administrative Order 102 provides, inter alia:

(a) the Federal Public Defender's Office of the Southern District of Illinois "is hereby designated to represent each defendant" who files a motion to reduce sentence; and

(b) the U.S. Attorney's Office need not file any response to a motion to reduce sentence until March 10, 2008.

Administrative Order 102 is expressly made applicable to this case. Pursuant to that Order, the undersigned Judge **NOTIFIES** Defendant that his motion has been docketed in this Court, that the Federal Public Defender's Office will be advised of this filing, and that the United States will be directed to respond to the motion. This Order will be provided to the Federal Public Defender's Office and the United States Attorney's Office for this District, either automatically transmitted via the Court's electronic case filing system or otherwise sent by the Clerk's Office.

Although Administrative Order 102 appointed the Public Defender's Office to represent Defendant in any proceedings relating to the motion to reduce sentence, that appointment does not prevent Defendant from retaining private counsel, including any lawyer who may have represented Defendant in earlier proceedings in this District Court or the Court of Appeals.

Finally, Administrative Order 102 stated that the United States need not respond before March 10, 2008 – suggesting that the United States would file a response *on or after* March 10th. The Court now **CLARIFIES** that – at this time – no formal response need be filed and no briefing schedule will be set.

The Court is carefully monitoring the status of each motion to reduce sentence, including Bulliner's motion. If a formal response is needed, or if a hearing would be helpful, the undersigned Judge will enter a separate Order setting a briefing schedule or hearing, as appropriate and necessary.

**IT IS SO ORDERED.**

**DATED this 3d day of April 2008.**

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge